[Civ. No. 18154. Third Dist. Nov. 16, 1979.]

JESSIE PLANCK, Plaintiff and Appellant, v.
RITA McDAVID HARTUNG, Defendant and Respondent.

COUNSEL

Edgar F. Hazleton and William J. Allard for Plaintiff and Appellant.

McCormick, Barstow, Sheppard, Coyle & Wayte and Stephen R. Cornwell for Defendant and Respondent.

OPINION

**PARAS, J.**—Plaintiff Jessie Planck appeals from a summary judgment in favor of defendant Rita McDavid Hartung (hereinafter McDavid) in an action for property damage.

On May 26, 1976, a fire caused damage and destruction in the La Vista Blanc Condominiums at Mammoth Lakes, California. According to plaintiff, owner of a burned condominium unit, the fire originated in the condominium unit of defendant Richard Hartung and was occasioned by the use there of a barbeque owned by defendant McDavid.

A deposition of Hartung and a declaration of McDavid, both offered in support of the summary judgment motion, disclose the uncontradicted nature of their relationship and the events at the time of the fire. They were not married. McDavid and her minor children had moved into Hartung's unit about six weeks before the fire, and lived with him as a family. McDavid had brought to the residence certain personal property, including the barbeque in question. It was a common and ordinary, kettle-type, charcoal-burning item, with a vent on the bottom and another at the top. It was used on an outdoor balcony. Throughout the six-week period the barbeque was used some fifteen times for the preparation of family meals, each time by Hartung alone and never by McDavid. On the date of the fire Hartung prepared the coals, cooked the meat, and finally ultimately closed the hood; McDavid did nothing with reference to the barbeque. She was the first to notice the fire after dinner. She was never aware of any danger in connection with the use of the barbeque or with the manner in which Hartung operated it.

McDavid's motion was grounded on the proposition that she did nothing, whether negligent, wilfull or other, to bring about the fire and she is not to be held accountable for the acts of Hartung. The trial court agreed, as do we.

 Planck variously asserts the existence of triable issues of fact as to McDavid. She argues first that any negligence of Hartung must be imputed to McDavid because the two were engaged in a joint venture. For purposes of imputed liability, a joint venture is "[A]n association of two or more persons who combine their property, skill, or knowledge to carry out a single business enterprise for a profit.... [T]here must be an agreement between the parties under which they have a community interest,...in a common business undertaking, an understanding as to the sharing of profits and losses, and a right to joint control." (*Holtz* v. *United Plumbing & Heating Co.* (1957) 49 Cal.2d 501, 506-507 [319 P.2d 617].)

 There is nothing in this case to suggest any business purpose, profit motive, or tangible benefit to Hartung and McDavid from their living arrangement, other than that which is normal and typical in all families. McDavid made no oral or written agreement to assume liability for any acts or omissions of Hartung. (See *Douglass* v. *Webb* (1962) 209 Cal.App.2d 290, 302 [26 Cal.Rptr. 60].) The fact that McDavid usually cooked the meals, that Hartung gave her money for groceries, that they combined kitchen utensils, and that McDavid bought the groceries does not change this relationship into a joint venture for vicarious or imputed liability purposes.[1]

Plaintiff's reliance upon *Marvin* v. *Marvin* (1976) 18 Cal. 3d 660 [134 Cal.Rptr. 815, 557 P.2d 106], for the proposition that meretricious relationships may be joint ventures is misplaced. In *Marvin* the court indicated that as between themselves the meretricious parties may as-

---

[1]Plaintiff further makes what amounts to an ostensible agency argument, that a joint venture relationship may result from the acts of the parties, particularly when a third party is involved. She asserts that the question is "what the third party had a right to believe was the relationship of the parties, based on their conduct with regard to the third party." As McDavid notes, however, in tort cases the belief entertained by the plaintiff concerning the relationship of the alleged tortfeasors is irrelevant. It is otherwise with matters of contract. (Cf. 1 Witkin, Summary of Cal. Law (8th ed. 1973) Agency and Employment, § 163, p. 761.)

sert various theories, including joint venture, to recover property and compensation in the course of termination of the relationship. Nowhere is it suggested in *Marvin* that every cohabitation is a joint venture, and for all purposes, including respondeat superior. *Marvin* dealt solely with the determination of rights inter se between the parties; it certainly did not undertake to enlarge imputed liability for the tort of one member of the duo beyond that of married persons. If Hartung and McDavid had been married, there would have been no liability on the part of McDavid (see Civ. Code, § 5122, subd. (a).) A fortiori there is none here.

Plaintiff contends that the following constitutes a triable issue of fact regarding McDavid's own asserted negligence: McDavid was in "actual possession" of unit 66, she owned the barbeque, she permitted Hartung to operate it, she failed to instruct Hartung on its use, or to inspect it while living in unit 66, and she "quite possibly" was on the balcony where the barbeque was situated on the evening of the alleged accident. We cannot agree. Neither individually nor collectively do these facts show negligence. There was no negligence in McDavid's failure to inspect or instruct on the use of a "simple type, universally used" barbeque. Hartung had used the item without incident at least 15 times before the fire, inspecting it each time. There was really nothing to check but the vent; thus inspection by McDavid would not have revealed more than what Hartung had seen.

Finally, Planck asserts that Health and Safety Code section 13007 provides a triable issue of fact as to McDavid's liability. This section reads: "Any person who personally or through another *wilfully, negligently, or in violation of law,* sets fire to, allows fire to be set to, or allows a fire kindled or attended by him to escape to, the property of another, whether privately or publicly owned, is liable to the owner of such property for any damages to the property caused by the fire." (Italics added.)

There is obviously no merit in this contention, since as discussed above there is no evidence of McDavid's negligence, wilfull misconduct, or other violation of law, at least one of which is essential to liability under this statute.

The judgment is affirmed. As disclosed by the record, Hartung, who truly brought about Planck's damage, is before the court and can be

held to account for his wrong.[2] McDavid, who was not culpable, does not belong in and was properly removed from the litigation.

Puglia, P. J., and Regan, J., concurred.

---

[2]We do not intend to prejudge the case by precluding Hartung's right to present any defenses he may have; we are only commenting on the present state of the record.